UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLYANN MCKENZIE
Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

BIG APPLE TRAINING INC.

Do you want a jury trial?
☑ Yes    ☐ No

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

# EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/24/19

I.   PARTIES

A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

KELLYANN    A.    MCKENZIE
First Name         Middle Initial    Last Name

118-54  197th STREET
Street Address

QUEENS SAINT ALBANS,   NY      11412
County, City                State           Zip Code

631-575-6474                 KANMCKENZIE@GMAIL.COM
Telephone Number             Email Address (if available)

B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    BIG APPLE TRAINING INC.
                Name
                4653 WHITE PLAINS RD.
                Address where defendant may be served
                THE BRONX, THE BRONX    NY       10470
                County, City            State       Zip Code

Defendant 2:    _____
                Name

                _____
                Address where defendant may be served

                County, City            State       Zip Code

Page 2

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**BIG APPLE TRAINING INC.**
Name

**4653 WHITE PLAINS RD.**
Address

**THE BRONX          NY          10470**
County, City          State          Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☑ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☑ religion: **CHRISTIAN (SEVENTH DAY ADVENTIST)**

☐ sex: _____

☑ national origin: **AMERICAN**

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☑ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _1986_

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☑ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

IV. STATEMENT OF CLAIM

A. Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☑ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☑ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): STOLE MY IDEAS

B. Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

1. THE PLAINTIFF KELLYANN MCKENZIE IS A RESIDENT OF THE STATE OF NEW YORK. MS. MCKENZIE RESIDES AT 118-54 197th STREET SAINT ALBANS, NY 11412

2. THE DEFENDANT HEREIN, BIG APPLE TRAINING HAS A PRINCIPAL PLACE OF BUSINESS AT 4653 WHITE PLAINS RD. BRONX, NY 10470. DEFENDANT IS ENGAGED IN THE BUSINESS OF INSTRUCTING MEDICAL CAREERS FIELDS.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

3. ON JULY 12th, 2021, PLAINTIFF BEGAN INSTRUCTING STUDENTS IN PLACE OF A PREVIOUS INSTRUCTOR MS. MARRERO THAT SHE BELIEVED WAS DISCRIMINATED AGAINST. PLAINTIFF SUCCESSFULLY PERFORMED DUTIES AND WAS PAID DURING THE BREAK BETWEEN CLASSES AND OFFERED 2 CLASSES THE FOLLOWING SEMESTER. PLAINTIFF PROCEEDED TO INSTRUCT BOTH CLASSES MORNING AND EVENING AND BEGAN TO NOTICE THAT DIRECTOR JACKIE BOWEN WAS DISPLEASED WITH HER PERFORMANCE.

4. DIRECTOR JACKIE BOWEN TOOK OVER A COUPLE OF CLASSES STATING STUDENTS WERE COMPLAINING ABOUT PLAINTIFF. PLAINTIFF WAS PREGNANT WHEN THIS OCCURRED AND BELIEVES TO HAVE SUFFERED A MISCARRIAGE DUE TO STRESS OF LOSING CLASS. PLAINTIFF BELIEVES DIRECTOR JACKIE BOWEN AND OTHER STAFF MEMBERS PLOTTED TOGETHER DURING THIS ACT IN AN ATTEMPT TO HAVE PLAINTIFF TERMINATED.

5. PLAINTIFF BELIEVES DEFENDANT WANTED HER TERMINATED BECAUSE OF EXCEPTIONAL PERFORMANCE AND ABILITIES. HIGHER U/S NOTICED A HUGE DIFFERENCE IN CLIENTELE, RETENTION OF STUDENTS, PASSING RATE, ETC. PLAINTIFF BELIEVES BECAUSE OF THIS, DEFENDANT WANTED TO HIRE AN EMPLOYEE WITH MORE EXPERIENCE TO MAINTAIN THE OVERALL GROWTH OF THE BUSINESS.

6. PLAINTIFF WAS UNDER THE IMPRESSION THAT SHE WOULD STILL RECEIVE COMPENSATION FOLLOWING THE BREAK BETWEEN THE MORNING AND EVENING CLASS BUT, DID NOT RECEIVE ANY MONIES AT ALL CAUSING SHOCK AND TRAUMA (PSYCH).

7. PLAINTIFF WAS BEING RECORDED DURING CLASSES. PLAINTIFF WAS SHOCKED TO LEARN OF RECORDING VIA VIDEO AND SOUND AS SHE UTILIZED HER OWN TEACHING STYLES AND INNOVATIVE IDEAS TO CONTRIBUTE TO HER STUDENTS SUCCESS. PLAINTIFF BELIEVES DEFENDANT STOLE HER IDEAS, USED THEM FOR HER OWN BENEFIT AND PASSED THEM ON TO NEW HIRE.

8. PLAINTIFF WAS INDIRECTLY ASKED TO COMPROMISE RELIGIOUS BELIEFS WHEN DIRECTOR'S SON MR. BOWEN CALLED HER AND STATED THAT A FAILING STUDENT TOLD HIM ALL SHE NEEDED TO DO WAS TAKE AN EXAM TO PASS THE CLASS. MS. MCKENZIE DENIED STUDENT RIGHT TO TAKE EXAM AN WAS APPALLED THAT SHE WAS EVEN ASKED THAT AS DIRECTORS SON HAD ACCESS TO STUDENTS RECORDS AND EITHER KNEW SHE WAS FAILING OR COULD HAVE FOUND OUT BUT PREFERRED TO ATTEMPT DISHONESTY.

9+0. PLAINTIFF BELIEVES SHE WAS DISCRIMINATED AGAINST BECAUSE OF HER NATIONAL ORIGIN (AMERICAN) DIRECTOR IS JAMAICAN AND ALTHOUGH PLAINTIFF IS OF JAMAICAN DESCENT, SHE IS FULLY AWARE THAT JAMAICAN PEOPLE DO NOT LIKE AMERICAN PEOPLE BECAUSE OF THEIR OPPORTUNITIES FOR SUCCESS. JAMAICAN PEOPLE ARE NOT AFFORDED THE SAME OPPORTUNITIES IN JAMAICA AND HAVE TO STRUGGLE AND FIGHT MORE. IT IS FOR THIS REASON, THEY HAVE A VENDETTA AGAINST AMERICANS AND WANT THEM TO ENDURE THE SAME STRUGGLE AND LIMIT THEIR OPPORTUNITIES AS SEEN IN THIS PETITION.

10 BY REASONS OF THE FACTS AND CIRCUMSTANCES STATED ABOVE, DEFENDANT IS GUILTY OF AGE, RELIGION, AND NATIONAL ORIGIN DISCRIMINATION.

11. BY REASONS OF THE FACTS AND CIRCUMSTANCES STATED ABOVE, PLAINTIFF HAS BEEN DAMAGED BY DEFENDANT IN THE SUM OF 1,500,000.

WHEREFORE, PLAINTIFF DEMANDS JUDGEMENT AGAINST DEFENDANT IN THE SUM OF 1,500,000, ~~+~~ TOGETHER WITH ANY OTHER RELIEF THIS COURT FINDS TO BE JUST AND PROPER.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

    When did you file your charge? _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

    What is the date on the Notice? _____

    When did you receive the Notice? _____

☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

COMPENSATE ME IN THE SUM OF 1,500,000 DOLLARS

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

11-7-22
Dated

Plaintiff's Signature

KELLYANN    A.    MCKENZIE
First Name        Middle Initial        Last Name

118-54 197th STREET
Street Address

QUEENS SAINT ALBANS, NY 11412
County, City        State        Zip Code

631-575-6474        KANMCKENZIE@GMAIL.COM
Telephone Number        Email Address (if available)


I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/04/2022

**To:** Kelly McKensie
118-54 197th Street
Saint Albans, NY 11412

Charge No: 16G-2022-01813

EEOC Representative and email:   Holly Shabazz
S/L Program Manager
HOLLY.SHABAZZ@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Timothy Riera
10/04/2022
Timothy Riera
Acting District Director

Cc: Big Apple Training Inc
    Attn: Director of Human Resources
    4653 White Plains Road
    Bronx NY 10470

Please retain this notice for your records.



**Division of Human Rights**

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

KELLY A. MCKENSIE,

                              Complainant,

v.

BIG APPLE TRAINING, INC.,

                              Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10216201

Federal Charge No. 16GC201813

On 4/6/2022, Kelly A. Mckensie filed a complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of age, national origin in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The Complainant, whose date of birth is October 9, 1986, and is American, alleged that the Respondent discriminated against her because of her age and national origin. The Complainant stated that she was fired because of her exceptional performance and based on someone offering to grade her papers falsely. The Complainant was also subjected to yelling and had a class taken from her in the middle of the term. Staff also told the Complainant how to run her class.

The Respondent denied discriminating against the Complainant because of her age or national origin. The Respondent stated that the Complainant was hired in or around June 2021 as a per diem Phlebotomy/EKG Instructor. Jackie Bowen, Director of the Bronx School, interviewed and hired the Complainant. The Complainant received the Respondent's guidelines for instructors, including the prohibition of breaks during class clock hours.

The Respondent asserted that the Complainant failed to learn and perform the primary tasks of her position with a basic level of competence. Director Bowen began receiving complaints from students about the Complainant's performance, including complaints about her skills and decorum, making and receiving calls in class, taking numerous breaks, and telling students to Google answers to questions that the Complainant should have answered herself. Director Bowen counselled the Complainant on several occasions about these issues; however, the Complainant dismissed Director Bowen's comments. Director Bowen personally observed the Complainant's class on October 21, 2021 and noted that the Complainant used her cell phone during class. Students continued to complain about the Complainant, including a complaint on November 1, 2021, about the Complainant putting a student down. In November 2021, Director Bowen was forced to take over the Complainant's class for the remaining two weeks of instruction because the Complainant went to Costa Rica. Afterward, Director Bowen received thank you emails from two students for "stepping in and turning things around."

In or around March 8, 2022, and again on March 15 and 16, when the Complainant asked about teaching another class, Director Bowen told the Complainant that there were no classes available for the Complainant to teach because Director Bowen had to spread classes around to other instructors. At the Respondent, classes are not automatically offered on a set schedule. There must be a sufficient number of students before the class is scheduled. Inevitably, there are periods where there are no courses available for a teacher to teach. Once a course has enough students to be scheduled, the Respondent's practice is to rotate teaching assignments between available teachers.

The Respondent never terminated the Complainant. Rather, the Respondent did not have a class for the Complainant to teach in March 2022. This decision was in no way made because of the Complainant's age or national origin. Of the nine instructors at the Respondent, two are also in their late-30's. Director Bowen is also of Jamaican descent, like the Complainant.

In rebuttal, the Complainant stated that she was hired around June of 2021. The Complainant's age and national origin were apparent to Director Bowen when she was interviewed. The Complainant is American, not Jamaican. The Complainant is of Jamaican descent. Jamaican people do not like American people because they are jealous of their opportunities and success.

When the Complainant was hired, she never received an employment manual from Director Bowen, although she requested one. The guidelines for instructors were given to her during her last semester. Director Bowen never submitted a formal written complaint with regards to her performance or lateness, as it was not significant enough to do so. She was initially told students were entitled to a fifteen-minute break during the period of 3 hour instruction. She did not take or make personal calls during class, as that would have interfered with teaching. She was never counseled about making phone calls. She did tell students to Google answers to questions that she was not familiar with. She inferred that Director Bowen may have had some type of issue but never brought it to the Complainant's attention, as Director Bowen was in dire need of an instructor. The Complainant missed two days at the end of the semester for the Costa Rica trip, not two weeks. Director Bowen agreed to let her leave without any repercussions.

The Complainant claimed that Director Bowen is guilty of age discrimination as she is 70 and expressed that she does not believe in retirement and neither does her father. This is a form of discrimination as there is no room for any young instructor to flourish. Director Bowen is constantly nitpicking at the instructors and causing havoc. Hispanic instructor Ms. Marrero almost cried when she trained, as Director Bowen allowed the students to complain to staff members during class.

The Complainant was under the impression that she was fired because she was receiving unemployment letters at her home, and she was not notified that she was not teaching the next class, nor was she notified of when she would return to work. The Complainant inferred that Director Bowen told her staff to keep this information away from the Complainant because she called the school on numerous occasions inquiring about when classes would begin, and they consistently lied stating that they do not know. The Complainant had a friend call the Respondent, and they told her classes were starting sometime in March. The Complainant inferred that this was a form of age discrimination and could be national origin discrimination. If Director Bowen wanted to be fair, Director Bowen could have just stated that to her at the end of class. The Complainant's family is Jamaican, and Jamaican people are not too fond of American people. There was a complaint from a student, Azhane Bradley, who stated they gave Jamaican students more help and preferential treatment.

The Complainant taught four classes back-to-back, and her passing rate was at about 87 percent. If her performance was so poor, then why did the Respondent invite her to teach additional classes. The Complainant started with only one class but received two classes the following semester. The Complainant then received one more class after those two. The Complainant feels used by the Respondent, as they sought to find someone more experienced as their clientele grew.

There was a class available to teach around March 2022. The Complainant believes she was not given another class because of her exceptional performance. Management at the Respondent realized they were losing a tremendous amount of money based on how the business was being run. Instructors were passing students when they failed and using improper teaching techniques, but the Complainant refused to follow suit, which angered Director Bowen.

During the Complainant's employment, an employee, Ms. Campbell, asked her if she needed help grading her first exam. The Complainant believes that Ms. Campbell graded the papers incorrectly on purpose in an effort to get the Complainant terminated. The Complainant never asked Ms. Campbell to assist her again. Director Bowen and her staff can be very disrespectful. Ms. Campbell yelled at the Complainant just because she kept mentioning Director Bowen's name to students.

The investigation failed to reveal sufficient evidence to support the Complainant's allegation that she was discriminated against by the Respondent because of her age or national origin.

Evidence gathered during the course of the investigation failed to reveal that the Complainant received disparate treatment or was denied a teaching assignment because of her age or national origin. The Complainant has not provided any direct evidence of a discriminatory motive for the Respondent's actions, or evidence demonstrating that she was treated differently compared to others who did not share her protected characteristics. In fact, within the Complainant's rebuttal, the only allegation related to age discrimination made by the Complainant was that Director Jackie Bowen's refusal to retire was leaving "no room for any young instructor to flourish." Moreover, the only allegation related to national origin discrimination made by the Complainant, who self-identified as American of Jamaican descent, was that "Jamaican people do not like American people because they are jealous of their opportunities and success." These conclusory allegations and are insufficient to establish a nexus to the Respondent's actions.

Additionally, the record revealed that the person who denied the Complainant a teaching assignment, Director Jackie Bowen, was the same person who hired the Complainant and had previously assigned the Complainant multiple teaching assignments. Therefore, it does not appear that Director Jackie Bowen's actions were motivated by a discriminatory animus because of the Complainant's age and national origin when Director Jackie Bowen was aware of the Complainant's protected characteristics when she hired her less than a year earlier and had given the Complainant several teaching assignments afterward. Moreover, the Complainant repeatedly stated in her rebuttal that she believed she was denied a teaching assignment because of her performance and because she refused to give passing grades to students who failed. Therefore, it does not appear that the Respondent was motivated by a discriminatory animus to deny the Complainant a teaching assignment because of her age or national origin.

The investigation did not reveal sufficient evidence to establish an inference of discrimination based on age or national origin.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Your charge was also filed under the Age Discrimination in Employment Act (ADEA). Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated:   July 27, 2022
         New York, New York

                          STATE DIVISION OF HUMAN RIGHTS

                          By:  *David E. Powell*
                               _____
                               David E. Powell
                               Regional Director